**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STUBBY STRIP, LLC,**

                        **Plaintiff,**

                        v.

**FOOD MARKET
MERCHANDISING, INC. et al.,**

                        **Defendants.**

**5:15-cv-1410
(GLS/ATB)**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Scalfone Law PLLC<br>247 West Fayette St., Suite 203<br>Syracuse, NY 13202 | MELODY DOMENICA<br>WESTFALL, ESQ. |
| **FOR THE DEFENDANTS:** | |
| *Food Marketing Merchandising, Inc., Reach Companies, LLC, Affordable Natural, LLC, Magic Straws, LLC, Convenience Merchandising, LLC, Shatter Marketing, Inc., Diversified Consumer Goods, LLC, Jon Tollefson, and Paul Henson* | |
| Christensen Law Office PLLC<br>800 Washington Avenue North<br>Suite 704<br>Minneapolis, MN 55401 | CARL E. CHRISTENSEN, ESQ. |
| Lee Palmateer Law Office LLC<br>90 State Street, Suite 700<br>Albany, NY 12207 | LEE PALMATEER, ESQ. |

*Jacquet, Inc.*
Christensen Law Office PLLC     CARL E. CHRISTENSEN, ESQ.
800 Washington Avenue North
Suite 704
Minneapolis, MN 55401

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Stubby Strip, LLC commenced this action against defendants Food Marketing Merchandising, Inc. (FMMI), Reach Companies, LLC, Affordable Natural, LLC, Magic Straws, LLC, Convenience Merchandising LLC, Shatter Marketing, Inc., Jacquet, Inc., Diversified Consumer Goods, LLC, Jon Tollefson, and Paul Henson, alleging claims of copyright infringement and unfair competition.[1] (Compl. ¶¶ 47-75, Dkt. No. 1.) Pending are defendants'[2] motion to dismiss, (Dkt. No. 13), and Stubby's motion for leave to amend the complaint, (Dkt. No. 22). For the reasons

---

[1] Stubby labels a third cause of action for "Accounting." (Compl. ¶¶ 76-77, Dkt. No. 1.) An accounting is a form of equitable relief, not a claim. As such, there will be no analysis of whether Stubby has stated a claim for an "accounting."

[2] Notably Jacquet is the only defendant that did not move to dismiss. For simplicity's sake and because dismissal is required as against all defendants anyway, the court will refer to the motion to dismiss as being filed by defendants generally.

2

that follow, defendants' motion is granted and Stubby's motion is denied.

## II. **Background**[3]

In late 2014, Stubby and FMMI, through Henson, began negotiating an agreement by which FMMI would distribute Stubby's beverage holder products. (Compl. ¶¶ 26-27.) After a tumultuous back-and-forth, FMMI ultimately refused to enter into a distribution agreement, and, instead, opted to send Stubby's products to a Chinese manufacturer to be copied and reproduced under different branding. (*Id.* ¶¶ 28-44.) FMMI eventually launched products similar to Stubby's, which it marketed as the "Bev Barrel." (*Id.* ¶ 45.) Defendants have used Stubby's marketing materials, including certain copyrighted photographs, samples, and business strategies. (*Id.* ¶ 44.)

As a result of the foregoing, Stubby alleges that defendants are infringing its copyright in the pictoral works used by defendants and unfairly competing by using those same copyrighted images to the detriment of Stubby. (*Id.* ¶¶ 47-75.)

## III. **Standard of Review**

---

[3] Unless otherwise noted, the facts are drawn from the complaint and presented in the light most favorable to Stubby.

## A. Motion for Leave to Amend

A party may amend its pleading before trial as a matter of course under certain circumstances and within a certain time frame. *See* Fed. R. Civ. P. 15(a)(1). Even though amendment as of right is no longer available in this case because Stubby's motion seeking leave to amend was filed more than twenty-one days after defendants moved to dismiss under Rule 12(b), (*compare* Dkt. No. 13, *with* Dkt. No. 22), the rule provides that "[t]he court should freely give leave when justice so requires" even in those instances where a party may not amend as of right, Fed. R. Civ. P. 15(a)(2). Barring "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party," leave should generally be granted. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

In addition to the foregoing, in this District, motions for leave to amend are governed by Local Rule 7.1(a)(4), which requires the moving party to attach an unsigned copy of the proposed amended pleading, with either redline/strikeout or equivalent means to denote changes, to its motion papers. The court always retains discretion to deny a motion for

4

failure to comply with the Local Rules.

B.  **Motion to Dismiss For Failure to State A Claim**

The standard of review under Fed. R. Civ. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## IV.  Discussion

The court first addresses Stubby's motion for leave to amend. For the reasons explained below, that motion is denied. First, in an attorney affidavit, Stubby's counsel asserts that the only change sought relates to paragraph fifty-two. (Dkt. No. 22, Attach. 1 ¶¶ 3-4.) However, the court, which refuses to read the complaint and proposed amended complaint line-by-line for their difference,[4] has noticed other undisclosed changes. For example, paragraph forty-four is different in the two documents. Counsel further asserts that "[i]n preparing the Complaint . . . an oversight

---

[4] This is the exact reason for Local Rule 7.1(a)(4)'s requirement that a red-lined version of the proposed pleading be submitted in connection with a motion for leave to amend or that some equivalent means for identifying proposed changes be included with the motion papers.

5

was made in attaching a copyright license agreement granting a non-exclusive license," (*id.* ¶ 5), suggesting that she intended to attach a different document instead. Counsel then indicates that the documents that should have been attached are an exclusive license and assignment of rights, which came in to existence on February 26, 2016, some three months after the complaint was filed. (*Id.*) How, pray tell, does one mistakenly forget to attach a document to the complaint that did not exist at the time the original complaint was filed? This kind of bogus response is part-and-parcel of counsel's conduct throughout this short-lived litigation.

Counsel's first misstep relates to her failure to timely file a response to defendants' motion to dismiss. Defendants raised the issue in their reply and requested that the court exclude the late response from consideration consistent with the Local Rules. (Dkt. No. 23 at 1-2.) In recognition of the fact that the filing was only one day late, the court reasonably permitted counsel to make a showing of good cause that would excuse the late filing. (Dkt. No. 28.) Counsel's attempt to show good cause was her "misinterpretation of the Local Rule" and corresponding miscalculation of the response deadline. (Dkt. No. 29.) As the court then observed, such an explanation was preposterous because a notice, which was electronically

6

transmitted to counsel of record, was generated contemporaneously with the filing of the motion to dismiss that included Stubby's response deadline. (Dkt. No. 31.) In any event, the court accepted the late response and also noted another error of counsel in selecting a return date for her motion for leave to amend that did not comport with the court's motion return calendar as set forth in General Order 25. (*Id.*)

All of this is to say that counsel has been less than careful in her prosecution of this case, and the court, which would ordinarily give the benefit of the doubt, cannot accept counsel's claim that the reason for amendment is to correct an "oversight." (Dkt. No. 22, Attach. 1 ¶ 5.) That bogus assertion is compounded by Stubby's failure to abide by the Local Rules in seeking leave to amend by: (1) failing to accurately identify the changes in the proposed amended pleading; (2) failing to include a memorandum of law; and (3) according to defendants, whom the court credits, (Dkt. No. 33 ¶ 2; Dkt. No. 34 ¶ 7), failing to make a good faith effort to resolve or reduce differences to a non-dispositive issue and seek a court conference with the assigned Magistrate Judge regarding those issues. *See* N.D.N.Y. L.R. 7.1(a)(4), (b)(2). For all of these reasons, the request for leave to amend is denied.

Turning to defendants' motion, they make several arguments in support of dismissal. (Dkt. No. 13, Attach. 1.) First, they contend that Stubby has not stated a copyright claim because it has failed to allege valid copyright and copyright ownership, which demonstrates that Stubby is without standing, and also because Stubby failed to adequately plead the identity of the infringer. (*Id.* at 4-8.) As for the unfair competition claim, defendants assert that copyright infringement cannot serve as the basis for such a claim. (*Id.* at 8.) Defendants also argue that Stubby has failed to allege facts that support its alter ego theory, which requires dismissal of the claims as against all parties other than FMMI. (*Id.* at 9.) Lastly, defendants claim that personal jurisdiction is lacking with respect to Reach, Affordable Naturals, Magic Straws, Convenience, Shatter, Diversified, Tollefson, and Henson because, among other things, New York's long-arm statute has not been satisfied. (*Id.* at 9-13.)

In response to defendants' arguments, Stubby asserts that it has alleged sufficient facts to establish its alter ego theory, its allegations adequately specify which of the defendants infringed, and that personal jurisdiction is not lacking as to any defendant. (Dkt. No. 21.) Notably absent from Stubby's briefing is any argument responsive to defendants'

8

contention that Stubby lacks standing with respect to its copyright claim or that it has failed to state a claim for unfair competition.

Beginning with defendants' standing argument, the court notes first that Stubby's failure to respond amounts to abandonment of the copyright claim and consent to dismissal of it. *See Lefevre v. Cty. of Albany*, No. 1:14-cv-155, 2015 WL 1626005, at *3 (N.D.N.Y. Apr. 13, 2015). In any event, Stubby is without standing to assert copyright infringement in the pictorial works. While Stubby alleges that it "is the sole owner of" the copyright in the pictoral works as the result of a transfer of ownership by the original owner, (Compl. ¶¶ 49-52), a copyright license agreement, which was attached to the complaint, demonstrates otherwise, (Dkt. No. 1, Attach. 3). The agreement provides for a "non-exclusive commercial license" and specifically reserves to the grantor of the license "all rights in the copyrighted works." (*Id.* at 1, 4.) Stubby, as a non-exclusive licensee—with no ownership interest in the copyright—lacks standing to sue others for infringement. *See Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007) ("A non-exclusive license conveys no ownership interest, and the holder of a nonexclusive license may not sue others for infringement." (citation omitted)).

9

Turning next to Stubby's unfair competition claim, as with its failure to address standing, its failure to respond to arguments regarding its second cause of action likewise amounts to abandonment and consent to dismissal. As an aside, it appears that Stubby's "common law" unfair competition claim is asserted pursuant to state common law for which the court would decline to exercise supplemental jurisdiction having dismissed the copyright claim.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 13) is **GRANTED** and Stubby's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Stubby's motion for leave to amend (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 26, 2016
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge